**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


DEANGELO BROTHERS, INC.,

      Plaintiff,

v.                                                                CASE NO.  4:10cv439-RH/WCS

THE CINCINNATI INSURANCE COMPANY,

      Defendant.

_____/


**ORDER TRANSFERRING THE CASE**


      This case arises from an industrial accident that resulted in a worker's death.

The personal representative of the worker's estate filed a wrongful-death action

against Deangelo Brothers, Inc. ("Deangelo").  Deangelo asserted it was an insured

under a liability-insurance policy issued by The Cincinnati Insurance Company

("Cincinnati").  Cincinnati disagreed and refused to defend Deangelo in the

wrongful-death action.  Deangelo filed this lawsuit against Cincinnati seeking two

categories of damages: the cost of defending the wrongful-death action, and

indemnification for any award against Deangelo in that action.

The accident and death occurred in Broward County.  The wrongful-death action was filed and is pending in state court in Broward County.  Broward County is within the Southern District of Florida.  But Deangelo filed this federal lawsuit in the Northern District of Florida.  Venue is proper here because Cincinnati does business in Florida, including in the Northern District.  *See* 28 U.S.C. § 1391(a)(1) (allowing a diversity case to be brought in a district where all defendants reside); § 1391(c) (providing that a corporate defendant resides in any district where it is subject to personal jurisdiction).

Cincinnati has moved to transfer the case to the Southern District under 28 U.S.C. § 1404(a).  The statute provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This case could have been brought in the Southern District, so the statute allows a transfer to that district.

Factors informing a court's application of § 1404(a) include the relevant public and private interests.  *See generally Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996); 15 Charles A. Wright et al., *Fed. Practice & Procedure*, §§ 3847-3854 (3d ed. 2007).  Unless the balance of public and private factors is "strongly in favor of the defendant, the plaintiff's choice of forum should

rarely be disturbed." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronic, S.A.*

382 F.3d 1097, 1101 (11th Cir. 2004).

The public and private interests strongly favor transfer here.  Aside from the

fact that Deangelo's attorney is here, the case has no connection with the Northern

District at all.  There is no other respect in which litigating here will be as

convenient for the parties as litigating in the Southern District.  And moving the

case to the Southern District will be more convenient for the witnesses.  Indeed, if

any witness is located anywhere other than in the Southern District, this record

does not reflect it.  To be sure, few witnesses may be needed, because liability may

turn on the terms of the insurance policy and the allegations of the state-court

complaint.  But damages also will be at issue, and the damages witnesses, like any

liability witnesses, will be in the Southern District.

Perhaps more importantly, the public interest does not favor going forward

with a case over a party's objection in a district that has no connection with the

case at all.  It smacks of forum shopping and invites claims of favoritism.  And it is

not a sufficient answer that venue is proper; the whole point of § 1404(a) is to

allow transfer even when venue is proper.

Under all the circumstances, this case should be transferred.  Accordingly,

IT IS ORDERED:

*Case No: 4:10cv439-RH/WCS*

The defendant's motion to transfer, ECF No. 5, is GRANTED.  This case is

transferred to the Southern District of Florida, Fort Lauderdale Division.  The clerk

must take all steps necessary to effect the transfer.

SO ORDERED on December 20, 2010.

<div style="margin-left: 40%;">

s/Robert L. Hinkle       
United States District Judge

</div>